DATE FILED: February 23, 2024 4:31 PM
FILING ID: 11CCD4D2D6F5B
CASE NUMBER: 2024CV30583

| | |
|---|---|
| DISTRICT COURT<br>DENVER COUNTY, COLORADO<br>1437 BANNOCK STREET<br>DENVER, COLORADO  80202<br><br>**PLAINTIFF:** EVENS TENE, and<br>CHRISTIAN KLOUNTCHA on behalf of themselves and<br>all others similarly situated,<br><br>**v.**<br><br>**DEFENDANT:**  UNITED GROUND EXPRESS, INC. | <br><br><br><br><br><br><br><br><br><br><br>COURT USE ONLY |
| Attorney for Plaintiff:<br>Andrew H. Turner, Atty. Reg. # 43869<br>MILSTEIN TURNER, PLLC<br>1490 Lafayette St. #304<br>Denver, CO. 80218<br>303.305.8230<br>andrew@milsteinturner.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT FOR UNPAID WAGES** | |

## STATEMENT OF THE CASE

1.      Plaintiffs Evens Tene and Christian Klountcha worked for United Ground Express, Inc. at the Denver International Airport (DIA).  The Plaintiffs were employed on an hourly basis to clean United aircraft at DIA.  The Plaintiffs and hundreds of other low-wage immigrant workers worked extensive overtime hours cleaning United aircraft for Defendant at DIA.  Defendant failed to pay them required overtime premiums for all hours they worked over 40 in a given workweek.

2.      While Defendant paid some scheduled overtime hours which Plaintiffs worked at the required overtime rate of 1.5 times the regular rate of pay, it failed to pay them overtime rates for overtime hours above 40 in a week, which they worked voluntarily pursuant to a shift trading practice in which they could accept shifts others offered for trade or reassignment.

3.      This case arises from Defendant's uniform, premature and mistaken assertion of an exemption from the overtime requirements of Colorado law. As of January 1, 2024, Defendant

had the right to pay as it did. Effective January 1, 2024, the Colorado Department of Labor, Division of Labor Standards and Statistics enacted, as a component of the 2024 Colorado Overtime and Minimum Pay Standards Order (COMPS), 7 CCR 1103-1, a new Rule 2.4.10 which it explained as follows:

> Rule 2.4.10 is a ***new, narrow exemption*** allowing interstate airlines to not pay time-and-a-half overtime rates for hours above 40 in a workweek "when such hours are voluntarily worked by the employee pursuant to a shift-trading practice under which the employee has the opportunity in the same or in other workweeks to reduce hours worked by voluntarily offering a shift for trade or reassignment." This amendment ***conforms the COMPS Order*** to the wage and hour law of other states with major airports, ***which already had this exemption*** (*e.g.*, California, Washington, New Jersey).

Statement of Basis and Purpose, Specific Statutory Authority and Findings, Colorado Overtime & Minimum Pay Standards Order (COMPS Order) #39, 7 CCR 1103-1 (2024), as adopted November 9, 2023 at pg. 5 (emphasis added).

4.      This case challenges Defendant's failure to pay overtime prior to its January 1, 2024 obtainment of the above exemption which now allows it to do so. This Complaint seeks unpaid minimum overtime wages and penalties due for work performed between February 23, 2018 and December 31, 2023.

5.      Defendant's conduct violated the Denver Minimum Wage Ordinance, D.R.M.C. Ch. 58, Sec. 58-6, *et. seq.,* the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.,* the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1 and predecessor Minimum Wage Orders, and the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et. seq.*

6.      Plaintiffs Evens Tene and Christian Klountcha assert their claims on behalf of themselves and of putative classes of all others similarly situated, which classes are defined specifically below.

## PARTIES, JURISDICTION, AND VENUE

7.      Plaintiff Evens Tene ("Mr. Tene") was employed by Defendant from October of 2022 through January of 2024. During that time, he worked as a Cabin Agent, cleaning United aircraft at the Denver International Airport. He was paid hourly for his work.

8.      This action concerns only that portion of Mr. Tene's work performed between February 23, 2018 and December 31, 2023 (hereinafter "relevant time period").

9.      Plaintiff Christian Klountcha ("Mr. Klountcha") was employed by Defendant from September of 2022 through January of 2024. During that time, he worked as a Lead Cabin Agent, supervising the cleaning of United aircraft at the Denver International Airport. He was

paid hourly for his work.

10.     This action concerns only that portion of Mr. Koluntcha's work performed between February 23, 2018 and December 31, 2023 (hereinafter "relevant time period").

11.     Defendant United Ground Express, Inc. is a Delaware Corporation, which maintains a principal business address of 233 S. Wacker Dr. Chicago, IL  60606.

12.     Defendant employed the Plaintiffs and others similarly situated at the Denver International Airport.

13.     Defendant possessed and exercised the authority to hire and fire the Plaintiffs and others similarly situated.

14.     Defendant established the schedules Plaintiffs and others similarly situated were asked and/or required to work at DIA.

15.     Defendant supervised the work that the Plaintiffs and other similarly situated performed at DIA.

16.     Defendant created and maintained records of the hours the Plaintiffs and others similarly situated worked.

17.     Defendant established the hourly pay rates paid to the Plaintiffs and others similarly situated for work performed at DIA.

18.     Defendant paid the Plaintiffs and others similarly situated for work performed at DIA.

19.     Defendant failed to pay the Plaintiffs and others similarly situated required overtime premiums for all hours worked in excess of 40 in a given workweek.

20.     This Court has jurisdiction over the Defendant pursuant to C.R.S. §13-1-124(1)(a) because Defendant transacts business in this state.

21.     This Court has jurisdiction over the subject matter of this action pursuant to D.R.M.C. Ch. 58, Sec. 58-6, C.R.S. § 8-4-110(2), C.R.S. § 8-6-118, 7 CCR 1103-1(8.1)(A) (COMPS Orders 36-38) and pursuant to 7 CCR 1103-1(18) (Wage Orders 34-35).

22.     Venue in this Court is proper pursuant to C.R.C.P. 98(c)(1) because Defendant is a nonresident of this state and may be found in this county.

23.     Venue in this Court is also proper pursuant to Colo. R. Civ. P. 98(b)(1) because Plaintiffs seek statutory penalties and the claim, or some parts thereof, arose in this Judicial District.

## FACTUAL ALLEGATIONS

### Failure to Pay Overtime Wages

24.     Defendant employed the Plaintiffs and others similarly situated ("others") to work at the Denver International Airport (DIA) at times between February 23, 2018 and December 31, 2023 ("relevant time period").

25.     Defendant paid the Plaintiffs and others for their labor on an hourly basis.

26.     Defendant employed the Plaintiffs and others within the City of Denver.

27.     Defendant employed the Plaintiffs and others within the State of Colorado.

28.     The Plaintiffs never left the State of Colorado in the course of their duties while working for Defendant.

29.     The Plaintiffs never left Denver International Airport in the course of their duties while working for Defendant.

30.     Plaintiffs and others performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiffs and others were to perform.

31.     Defendant scheduled, directed and controlled the Plaintiffs' work.

32.     Plaintiffs and other hourly employees at DIA regularly worked a weekly schedule in excess of 40 hours per week for Defendant.

33.     Though the Plaintiffs and other hourly employees at DIA regularly worked more than 40 hours in a given workweek, Defendant failed to pay them increased overtime wage rates for all overtime hours worked.

34.     For example, in the biweekly pay period running from March 12, 2023 through March 25, 2023, Plaintiff Tene worked 119.4 total hours for Defendant.  At least 39.4 of those hours were necessarily overtime hours, worked in excess of 40 in a given workweek.  Defendant paid only 28.9 of those 39.4 overtime hours at Mr. Tene's overtime rate of $27.55/hr.  Defendant paid 90.5 of the hours Mr. Tene worked that pay period at his regular, straight time rate of $18.37/hr.  As such, Defendant paid 10.5 overtime hours Mr. Tene worked in excess of 40 in a given workweek at his regular, straight time rate.

35.     For example, in the biweekly pay period running from September 24, 2023 through October 7, 2023 Plaintiff Klountcha worked 134.4 total hours for Defendant.  At least 54.4 of those hours were necessarily overtime hours, worked in excess of 40 in a given workweek. Defendant paid only 13.4 of those 54.4 overtime hours at Mr. Klountcha's overtime rate of

$29.80/hr. Defendant paid 121 of the hours Mr. Klountcha worked that pay period at his regular, straight time rate of $19.87/hr. As such, Defendant paid 41 overtime hours Mr. Klountcha worked in excess of 40 in a given workweek at his regular, straight time rate.

36.     Defendant had a uniform policy of paying some hours worked by hourly workers it employed at DIA in excess of 40 in a given workweek at that worker's regular, straight time rate.

37.     Upon information and belief, Defendant paid hours worked in excess of 40 in a given workweek at regular, straight time rates when the worker in question worked those hours as part of a voluntary shift trade.

38.     Upon information and belief, Defendant adhered to the uniform policy described above throughout the "relevant time period", from February 23, 2018 through December 31, 2023.

## RULE 23 CLASS ALLEGATIONS

39.     Plaintiffs Tene and Klountcha bring their Count I and II claims pursuant to the Denver Minimum Wage Ordinance ("DMWO"), D.R.M.C. Ch. 58, Sec. 58-6, *et. seq.,* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.* on behalf of a putative class preliminarily defined as:

> All hourly workers whom United Ground Express, Inc. employed exclusively at the Denver International Airport at any time between February 23, 2021 and December 31, 2023.

40.     Plaintiffs Tene and Klountcha bring their Count III and IV claims pursuant to the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1 and predecessor Minimum Wage Orders and pursuant to the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et. seq.* on behalf of a putative class preliminarily defined as:

> All hourly workers whom United Ground Express, Inc. employed exclusively at the Denver International Airport at any time between February 23, 2018 and December 31, 2023.

41.     Plaintiffs and the classes they allege meet the applicable requirements of C.R.C.P. 23(a): the members of each class are too numerous to practically join, claims of individual class members originate from common questions of law and fact, named Plaintiffs pose claims typical and representative of the claims of the classes, and they will fairly and adequately represent the classes' interests.

42.     Because common questions of law and fact predominate, class status is the superior method of handling this case. C.R.C.P. 23(b)(3). Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members in individually

controlling the prosecution of this action, and there are no likely difficulties in managing a class action.

43.     While the exact numbers of the members of the alleged classes are unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 100 individuals in each alleged class.

44.     Common questions of law and fact exist as to the alleged classes that predominate over any questions affecting only the class members individually.  These common questions include, but are not limited to the following:

      a.      Whether Defendant was subject to the weekly overtime requirements of Denver municipal law during the alleged class period;

      b.      Whether Defendant was subject to the weekly overtime requirements of Colorado state law during the alleged class period;

      c.      Whether Defendant was entitled to pay hours in excess of 40 in a given workweek at regular, straight time rates when the worker in question worked those hours as part of a voluntary shift trade, during the alleged class period.

      d.      Whether Defendant regularly failed to pay overtime premiums for all hours worked in excess of 40 in a given week;

      e.      Whether Defendant's violations of the Denver Minimum Wage Ordinance constituted violations of the Colorado Wage Claim Act;

      f.      Whether Defendant's violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Wage Claim Act;

      g.      Whether Defendnat's violations of the Colorado Minimum Wage Act constituted violations of the Colorado Wage Claim Act;

45.     The contours of the alleged Class will be easily defined by reference to payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 at 12; 7 CCR 1102-1 (2020) at 7.1. Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each Class Member.

## CLAIMS FOR RELIEF

### COUNT I – Denver Minimum Wage Ordinance,
### Denver Revised Municipal Code ("D.R.M.C."), Chapter 58, Art. II, Sec. 58-16, et. seq.

46.     Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

47.     Plaintiffs Tene and Klountcha assert this claim on behalf of themselves and on behalf of a class of others similarly situated ("others") which they preliminarily define as:

> All hourly workers whom United Ground Express, Inc. employed
> exclusively at the Denver International Airport at any time
> between February 23, 2021 and December 31, 2023.

48.     This Count seeks recovery of unpaid overtime wages, penalties, liquidated damages and interest due for work performed at times between February 23, 2021 and December 31, 2023.

49.     Plaintiffs and others were "workers" as that term is defined by the Denver Minimum Wage Ordinance because they performed work on behalf of or for the benefit of Defendant. D.R.M.C. Ch. 58, Art. I, Sec. 58-1(11).

50.     Defendant was Plaintiffs' and others' "employer" as that term is defined by the Denver Minimum Wage Ordinance because it acted directly or indirectly in the interests of any employer in relation to the Plaintiffs and others.  D.R.M.C. Ch. 58, Art. I, Sec. 58-1(6).

51.     Defendant "employed" the Plaintiffs and others as that term is defined by the Denver Minimum Wage Ordinance because it suffered or permitted them to work.  D.R.M.C. Ch. 58, Art. I, Sec. 58-1(5).

52.     Defendant employed the Plaintiffs and others at the Denver International Airport.

53.     Plaintiffs and others performed all of their work for Defendants within the City of Denver, Colorado.

54.     When Defendant paid the Plaintiffs and others for hours worked in excess of 40 in a given workweek at their regular, straight time wage rates, it violated the Denver Minimum Wage Ordinance.

55.     Plaintiffs and others are entitled to recover their unpaid overtime wages, interest at a rate of twelve (12) percent per annum from the date such wages were first due, an additional sum as a penalty in the amount of $100 for each day that the violation occurred or continued, and liquidated damages in an amount equal to three times the amount of unpaid overtime

compensation. D.R.M.C. Ch. 58, Art. I, Sec. 58-6(a).

56.     Plaintiffs and others are entitled to an award of reasonable attorney fees and costs. D.R.M.C. Ch. 58, Art. I, Sec. 58-6(a).

**COUNT II –Colorado Wage Claim Act**
**C.R.S. § 8-4-109**

57.     Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

58.     Plaintiffs Tene and Klountcha assert this claim on behalf of themselves and on behalf of a class of others similarly situated ("others") which they preliminarily define as:

> All hourly workers whom United Ground Express, Inc. employed exclusively at the Denver International Airport at any time between February 23, 2021 and December 31, 2023.

59.     This Count seeks the recovery of unpaid overtime wages, and penalties arising from work the Plaintiffs and others performed between February 23, 2021 and December 31, 2023.

60.     Defendant was the Plaintiffs' and others' "employer" as that term is defined by the CWCA, because Defendant suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them.  C.R.S.§ 8-4-101(6).

61.     Plaintiffs and others were Defendant's "employees" as that term is defined by the CWCA, because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs and others, who performed the primary work of the Defendant employer.  C.R.S. § 8-4-101(5).

62.     The Denver Minimum Wage Ordinance and the applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiffs and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A). Defendant failed to pay all hours the Plaintiffs and others worked in excess of 40 in a given workweek at the required, increased overtime rates.

63.     Defendant failed to provide the Plaintiffs and others with all earned, vested and determinable wages or compensation as recited above. C.R.S. § 8-4-109.

64.     As a result, the Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

65.     Plaintiffs and others are entitled to recover in a civil action the unpaid balance of the full

amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109(3); C.R.S. § 8-4-110.

### COUNT III – Colorado Overtime and Minimum Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1

66.     Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

67.     Plaintiffs Tene and Klountcha assert this claim on behalf of themselves and on behalf of a class of others similarly situated ("others") which they preliminarily define as:

> All hourly workers whom United Ground Express, Inc. employed exclusively at the Denver International Airport at any time between February 23, 2018 and December 31, 2023.

68.     This Count seeks the recovery of unpaid overtime wages arising from work performed between February 23, 2018 and December 31, 2023.

69.     Defendant was Plaintiffs' and others' "employer" as that term is defined by the COMPS Order because it suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them.  7 C.C.R. 1103-1¶ 1.6(A).

70.     Plaintiffs and others were Defendant's "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs and others, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

71.     Defendant employed the Plaintiffs and others in an industry regulated by Wage Orders # 34 and 35.  7 C.C.R. 1103-1 ¶ 2(B).

72.     Defendant employed the Plaintiffs and others in an industry regulated by COMPS Orders 36, 37 and 38. 7 C.C.R. 1103-1.

73.     Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to pay the Plaintiffs and others overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

74.     As a result, the Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

75.     Plaintiffs and others are entitled to recover in this civil action the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs. 7 C.C.R.

1103-1 ¶8.1(A).

### COUNT IV – Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et.seq.*

76.     Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

77.     Plaintiffs Tene and Klountcha assert this claim on behalf of themselves and on behalf of a class of others similarly situated ("others") which they preliminarily define as:

> All hourly workers whom United Ground Express, Inc. employed exclusively at the Denver International Airport at any time between February 23, 2018 and December 31, 2023.

78.     This Count seeks the recovery of unpaid minimum overtime wages arising from work the Plaintiffs and others performed between February 23, 2018 and December 31, 2023.

79.     When Defendant failed to make payments in compliance with the COMPS Order and predecessor Colorado MinimumWage Orders, 7 CCR 1103-1, it failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

80.     Defendant's failure to make payments required by the COMPS Order and predecessor Colorado MinimumWage Orders violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

81.     As a result of Defendant's violations of law, Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

82.     Plaintiffs and others are entitled to recover in this civil action the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs.  C.R.S. § 8-6-118.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that:

As to their Count I Claim brought under the Denver Minimum Wage Ordinance, Plaintiffs respectfully request an Order certifying this count as a class action, appointing them as class representatives, appointing their counsel as class counsel and awarding the Plaintiffs and others their unpaid overtime wages, interest at a rate of twelve (12)  percent per annum from the date such wages were first due, an additional sum as a penalty in the amount of $100 for each day that the violation occurred or continued, and liquidated damages in an amount equal to three times

the amount of unpaid overtime compensation. D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).  Plaintiff further requests an award of reasonable attorney fees and costs and such other and further relief as may be necessary and appropriate.  D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

As to their Count II Claim brought under the Colorado Wage Claim Act, Plaintiffs respectfully request an Order certifying this count as a class action, appointing them as class representatives, appointing their counsel as class counsel and awarding the Plaintiffs and others the unpaid balance of the full amount of wages owed to them, any statutory penalties due, any costs or attorney's fees due and such other and further relief as may be necessary and appropriate.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

As to their Count III claim brought under the COMPS Order and predecessor Minimum Wage Orders, Plaintiffs respectfully request an Order certifying this count as a class action, appointing them as class representatives, appointing their counsel as class counsel and awarding the Plaintiffs and others the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs, and such other and further relief as may be necessary and appropriate. 7 C.C.R. 1103-1 ¶8.1(A).

As to their Count IV claim brought under the MWA, Plaintiffs respectfully request an Order certifying this count as a class action, appointing them as class representatives, appointing their counsel as class counsel and awarding the Plaintiffs and others the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs.  C.R.S. § 8-6-118.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Signed original on file and available for
inspection at:
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO 80218
(303) 305-8230
andrew@milsteinturner.com

**Counsel for Plaintiff**

Plaintiffs' Addresses:

8700 E. Jefferson Ave., Unit 372423
Denver, CO  80237

111 S. Joliet Cir., Apt. 301
Aurora, CO  80012